UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


CHARLES HOWARD ROBERTS,

     Petitioner,

v.                                       3:06-cv-137

ROANE COUNTY CIRCUIT COURT,
ROANE COUNTY CRIMINAL COURT,
ROANE COUNTY GENERAL SESSIONS
COURT, and ROANE COUNTY JAIL,

     Respondents.


**MEMORANDUM AND ORDER**


Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed *in forma pauperis* is **GRANTED**. The Clerk is DIRECTED to file this action without prepayment of costs or other fees as of the date the petition was received and to serve a copy of the petition and this Memorandum and Order on the Attorney General of the State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and this petition is **DISMISSED**.

Petitioner is confined in the Roane County Jail. He alleges he was transported to that facility from Michigan in February, 2005, on a detainer from Roane County, Tennessee, without waiving extradition. According to petitioner, he has been held in the Roane County Jail without trial for over 120 days and he seeks his release based upon a violation of the Interstate Agreement on Detainers (IAD).

The State of Tennessee has adopted the IAD. *See* TENN. CODE ANN. § 40-31-101. In relevant part, the IAD provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the person shall be brought to trial within one hundred eighty (180) days after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id*., Article III, section (a). The IAD also provides that "trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state," *id.*, Article IV, section (c), and that "[i]f trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Id*., Article III, section (d).

In *Grizzell v. Tennessee*, 601 F. Supp. 230 (M.D. Tenn.), *appeal dismissed*, 746 F.2d 1476 (6th Cir. 1984), the district court held that "[t]he rights created by [the Interstate Agreement on Detainers] 'are statutory, not fundamental, constitutional, or jurisdictional in nature.'" *Id*. at 231 (quoting *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)). The United States Court of Appeals for the Sixth Circuit has repeatedly held that a violation of the Interstate Agreement on Detainers is not a basis for federal habeas corpus relief under § 2254. *See, e.g., Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988); *Metheny v. Hamby*, 835 F.2d 672, 674 (1987). Accordingly, this court lacks jurisdiction to grant petitioner the relief he seeks based upon the IAD.

Petitioner also claims he is entitled to habeas corpus relief because his appointed attorney has not demanded a speedy trial in his pending criminal case. The law is settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Petitioner has not made such a showing. His claims of ineffective assistance of counsel and speedy counsel should first be addressed by the state courts.

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is DIRECTED to notify the petitioner of this Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R:**

                                                s/ Thomas W. Phillips
                                                United States District Judge